JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dr. Carol Allen.

**(b)** County of Residence of First Listed Plaintiff   Union County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Reginald Allen, Esq., 7601Crittenden Street, f-12,
Philadelphia, PA 19118

### DEFENDANTS

Long Island University

County of Residence of First Listed Defendant   Roslyn Harbor NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | ☐ 880 Defend Trade Secrets | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | Act of 2016 | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | **LABOR** | | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | Act | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Exchange |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA and ADAA

Brief description of cause:
EMPLOYMENT DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
06.21.2022

SIGNATURE OF ATTORNEY OF RECORD
*Reginald Allen*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1465 E. 7th Street, Plainfield, NJ 07062 _____

Address of Defendant: _____ 700 Northern Blvd., Roslyn Harbor, NY 11548 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/21/2022   _____   77083
_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

*A.     Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

*B.     Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
*(Please specify):* _____ Employment Discrimination _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Reginald Allen, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/21/2022   _____   77083
_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

DR. CAROL ALLEN                              : CIVIL ACTION NO.
1465 E. 7TH STREET                           :
PLAINFIELD, NJ 07062                         : JURY TRIAL DEMANDED
                        PLAINTIFF,           :
                                             :
          V.                                 :
                                             :
LONG ISLAND UNIVERSITY                       :
700 NORTHERN BLVD.                           :
ROSLYN HARBOR, NY 11548                      :
                        DEFENDANT.           :

## COMPLAINT

### JURISDICTION

1. This matter is brought pursuant to the Americans with Disabilities Act

   (ADA), the Americans with Disabilities Act as Amended (ADAA) and Title VII.

   Jurisdiction is based on 28 U.S.C. S 1331, 28 U.S.C. S 1343, and the

   aforementioned federal statutes.  Jurisdiction is also based on diversity of

   citizenship pursuant to 28 U.S.C. S 1332 and the amount in controversy

   exceeds $75,000.00 (seventy five thousand dollars) exclusive of interests

   and costs.

### PARTIES

2. Plaintiff Dr. Carol Allen (from hereinafter "plaintiff") is a resident of the state of New Jersey and she resides at the address indicated in the caption above.

3. Defendant, Long Island University. (from hereinafter, "defendant" or "the University") is an institution of higher learning, a university, and it has an address as indicated in the caption above.  The defendant is an accredited university which employs professors to teach college curriculum.

## ADMINISTRATIVE AGENCY REQUIREMENTS

4. Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission (US EEOC) at charge number 524-2021-00687 for which she received a right sue letter dated March 28, 2022.  (See Exhibit A).

## FACTUAL ALLEGATIONS

5. Plaintiff began working for defendant in September 1995 as an Assistant Professor in its English Department; since that time, the plaintiff has become a tenured Full Professor, working in the English, Philosophy and Foreign Languages Department.

6. At all times during her employment for the defendant, the plaintiff performed her duties in an exemplary fashion, and she was highly qualified

2

for her duties at all times.

7. The plaintiff regularly went well beyond the scope of her duties to benefit the defendant, including taking on projects to attempt to improve its racial and ethnic diversity for many years, although she received push back and resistance on many occasions when she attempted to have diversity initiatives put into effect.

8. The plaintiff is of the African American Race and is Black.

9. The plaintiff is disabled by way of extremely high blood pressure which she has suffered from for years; the plaintiff's high blood pressure (hypertension) substantially impairs her ability to control the force of the blood in her arteries, which results in inordinate pounding against the artery walls.

10. Despite, the plaintiff's disability summarized in paragraph 9 above, she was able to perform the essential functions of her duties for the defendant, with or without accommodation.

11. In August of 2020, the plaintiff requested a reasonable accommodation from the defendant to teach virtually based on her hypertension; this

3

request was made in the context of a raging worldwide COVID pandemic, for which no attempted preventive vaccines had yet to been developed or distributed.

12. Dr. Allen learned that the University was offering other of her professional peers an accommodation of the type she requested, and she learned that at least four Caucasian employees received the accommodation of being allowed to teach and work remotely, not having to travel to the University - the plaintiff is unaware that those persons who the University allowed to work remotely were or were not disabled.

13. The plaintiff also learned that other African American professors also requested to work remotely, but either they were denied by the defendant, or they were ignored by the defendant.

14. At the time that the plaintiff requested the reasonable accommodation referred to above, the defendant knew that she commuted from her residence in Plainfield NJ to come to its campus in Brooklyn, which included taking a train (New Jersey Transit), as well as the subway in New York.

15. The plaintiff's hypertension is aggravated by stress – plaintiff found that traveling on New Jersey transit and then on the subway to be extremely

4

stressful, because she became aware from national news stories that COVID outcomes were disproportionately worse for African Americans of her approximate age (57 years old as of August 2020), and also for persons who suffered from high blood pressure, amongst other co-morbidities.

16. In making her request to the defendant for a reasonable accommodation in August 2020, the plaintiff informed it of the nature of her disability.

17. On/around September 4, 2020, the defendant, through its authorized managerial personnel, informed the plaintiff that it did not believe that her medical condition was serious enough to warrant her working remotely (from home), and told the plaintiff that it would provide her with masks and wipes; the defendant informed the plaintiff that it expected her to teach in person for the entire semester.

18. After school began up until October 6, 2020, the plaintiff worked in person, commuting as described above.

19. On October 6, 2020, the plaintiff spoke to the Chair of her department, Leah Dilworth, and told her that she was struggling to come in to teach in person and that the work condition of traveling and teaching in person was

5

negatively affecting her health – Ms. Dilworth suggested that the plaintiff reach out to the defendant's "Human Resources" office again, to have it review her request for an accommodation again.

20. The plaintiff followed Ms. Dilworth's suggestion, and "Human Resources" told the plaintiff that it would get back to her, however, it never did.

21. On November 24, 2020, as a result of extremely high blood pressure, the plaintiff suffered a stroke, requiring that she had to be taken from her home by ambulance to a hospital in New Jersey; the plaintiff was debilitated to the extent that she could not even attempt to reach her family.

22. The plaintiff was admitted to the hospital for several weeks and she informed the defendant of her status in the hospital.

23. Due to COVID, there were travel restrictions between states, and the majority of the plaintiff's family, who reside in Pennsylvania, could not visit her while she was hospitalized, or after her release to home for a period of time.

24. Even after notice that the plaintiff suffered a stroke, the defendant still ignored and/or denied the plaintiff an accommodation.

6

25.  The plaintiff's requested accommodation was not unreasonable and it did
     not create an undue hardship for the University, as proven by the fact that
     the University extended the same accommodation that the plaintiff
     requested to other of its Caucasian professors.

26.  The plaintiff discussed the apparent denial of her request for
     accommodation with her union grievance chair, Syed Ali, in December
     2020, whom she believes conveyed her request for accommodation to the
     defendant again (including what had happened thus far leading up to
     November 24, 2020, and the events of that day and thereafter), however
     the defendant still never informed the plaintiff that she would be
     accommodated in any manner or otherwise.

27.  As a result of the defendant's actions in either or both ignoring or
     rejecting the plaintiff's request for the accommodation of working
     remotely, the plaintiff, who was incapacitated from the effects of stroke
     and her hypertension, had to use all of her sick leave for the Spring
     Semester.

28.  The defendant refused to engage in even the slightest form of an
     interactive process with the plaintiff, including that it told her that her

7

serious impairment, which can be life threatening, was not serious enough for an accommodation, and it repeatedly simply ignored the plaintiff after her requests, and refused to communicate with her of her union.

29. Conversely, the defendant treated at least three Caucasian professors entirely differently than it did the plaintiff, entertaining their respective requests to work remotely and by necessary inference, engaging in some form of interactive process with them and cooperating and communicating with them.

30. The plaintiff suffered economic harm by the defendant's conduct, including having to pay travel costs, up until the time she had a stroke; costs which her similarly situated Caucasian peers did not have to spend; Additionally, the plaintiff had to use her earned and valuable sick leave after her stroke until it was exhausted to recover, which her similarly situated Caucasian peers referred to above did not have to do.

31. During the EEOC process, the plaintiff received the defendant's position paper, in which it appears to attempt to justify its refusal to even attempt to reasonably accommodate the plaintiff, by suggesting that it was attempting to balance the effects of COVID against the need for in person

8

learning (the defendant claims that it needed to provide in person learning unless an overwhelming number of students "chose" to attend classes remotely).

32. In fact, a University study of the students at its Brooklyn campus at the beginning of its 2020 fall semester, showed that a wide majority of the students chose to learn remotely.

33. In the plaintiff's case, as of November 2020, she was traveling from Plainfield to Brooklyn to teach between 7 to 9 students across three classes; the plaintiff learned that the overwhelming majority of her students wanted to learn remotely, at least in part out of fear of the "virus"; the plaintiff learned that students that were appearing to class in person, generally did not know how to sign up to attend remotely.

34. After the 2020 Thanksgiving break, the defendant made all learning at the Brooklyn campus remote based on COVID; neither the faculty nor the students desired to come to campus due to COVID.

35. If the defendant had engaged in an interactive process with the plaintiff at the beginning of the fall 2020 semester, it would have learned of the dearth

9

of students in her classes and at the Brooklyn campus, and that any alleged

contention it had about student demand to come to class in person was

false.

36.   As a result of the defendant's actions and intentional actions described

above, including refusing the even attempt to reasonably accommodate

her, the plaintiff suffered severe emotional distress and severe economic

harm; this included excessive stress and worry about catching and dying

from COVID from traveling and teaching in person; she also suffered severe

emotional distress, realizing that her hypertension was worsening from

September 2020 until she had a stroke on November 24, 2020.

37.   Thereafter, the plaintiff suffered severe emotional distress from having

had a life threatening stroke, for which she has still not fully recovered

from, up until the present.

38.   The plaintiff suffered severe economic harm from the defendant's

discriminatory conduct, by having to expend significant money to travel to

campus, and then having to utilize her entire sick leave after her stroke, for

the spring 2021 semester, because she was unable to work due to her

stroke.

10

FIRST CAUSE OF ACTION – DISCRIMINATION BASED ON DISABILITY IN
VIOLATION OF THE ADA AND ADAA

39.  Plaintiff incorporates paragraphs 1-38 above as though fully set forth

herein.

40.  The plaintiff is and was disabled based on extremely high blood pressure,

which substantially affected and affects her ability to regulate the force of

the flow of blood in her body against the arteries therein; Hypertension can

be life-threatening and result in strokes and heart attacks; the plaintiff

suffered a stroke as a result of her hypertension, as described above.

41.  Despite her disability, the plaintiff was able to perform the essential

functions of her duties for the defendant, with or without accommodation

and she was qualified for all of her duties.

42.  The plaintiff requested a reasonable accommodation to teach remotely

due to her disability, in the context of COVID, for which persons with

hypertension, including African Americans of the plaintiff's age were having

disproportionately bad outcomes if they contracted the virus in the fall of

2020, including disproportionate death.

11

43. The defendant intentionally denied the plaintiff a reasonable accommodation, including that if repeatedly refused to even engage in an interactive process with her to determine a reasonable accommodation.

44. Reasonably accommodating the plaintiff would not have caused an undue hardship for the defendant, as evidenced by the fact that it provided the exact accommodation to other of its professors that the plaintiff sought.

45. The plaintiff suffered severe emotional distress and substantial economic harm based on the defendant's conduct – the plaintiff's economic harm also comes from the fact that as a result of effects of her stroke, she has been forced to choose to retire earlier than she would otherwise have chosen to retire, resulting in lost future income.

WHEREFORE, plaintiff requests judgment in her favor against defendant and she requests the following relief:

a. Front pay;

b. Compensatory damages;

c. Punitive damages;

d. Reasonable attorney's fees and costs;

e. Any Other Relief the Court Deems Appropriate;

12

SECOND CAUSE OF ACTION – VIOLATION OF TITLE VII –
RACIAL DISCRIMINATION

46.  Plaintiff incorporates paragraphs 1-45 above as though fully set forth

herein.

47.  The defendant intentionally discriminated against the plaintiff based on

her race, African American (Black), by treating her differently and worse

than her similarly situated Caucasian peers, whom it endeavored to

reasonably accommodate by allowing them to reach remotely due to

COVID in the fall semester of 2020, while refusing the plaintiff the same.

48.  As a result of the defendant's discriminatory conduct, the plaintiff suffered

severe emotional distress and substantial economic harm.

WHEREFORE, plaintiff requests judgment in his favor against defendant, and

he requests the following relief:

a.  Front pay;

b.  Compensatory damages;

c.  Punitive damages

d.  Any Other Relief the Court Deems Appropriate.

13

Respectfully submitted,


/s/Reginald Allen, Esquire

14